E-FILED
Tuesday, 17 November, 2026 04:16:32 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

FILED
11/17/2026
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HARRY R. HAURY; LAURA HOIS; ROBERT R. "RUSTY" STEVENS; JIMMY LEE TILLMAN II; JODIE ZITKO; MARY CATHERINE PAUKSTYS; and GREGORY STENSTROM,

Plaintiffs,

v.

BERNADETTE MATTHEWS and JOHN OLDFIELD, each in his or her official capacity,

Defendants.

Case No. 26-cv-3397

## EMERGENCY MOTION FOR RELIEF BEFORE CERTIFICATION

Plaintiffs move under 52 U.S.C. § 20510(b), Rules 65 and 26(d)(1), and Civil Local Rule 7.1 for preservation, prompt inspection, sworn compliance reporting, and expert examination before certification. They affirmatively seek a short restraint on specified certification acts where the noticed evidence establishes necessity, proper officials, concrete irreparable injury, and a fixed endpoint. Set a response within two business days and a noticed hearing within five calendar days, earlier if the relevant act is imminent. Decide each remedy separately and address the constitutional grounds identified below if necessary. Oral argument is requested.

1. Why action is needed now The Board acknowledged the August request, supplied general materials September 14, promised more, and has not provided the remaining operational records or an inspection date. Exs. A–F, O. The Second Notice renewed the requests. Ex. M. Zitko and Paukstys need the records to trace disputed entries in their own histories; Hois and Stevens need them during the canvass of their races. Exs. H–K.

Later access cannot restore this opportunity.

2. Immediate relief Preserve existing responsive records without interrupting election operations. Within two business days, require a knowledgeable custodian to identify the responsible offices, preservation measures, known gaps, and known dates and responsible bodies for the relevant certification proceedings. Set the expedited response and hearing. Proposed Order 10 provides the specific terms.

3. Expedited discovery and defined expert examination Order rolling inspection within three business days and sworn category accounting within five. Under Rule 26(d)(1), authorize expedited production and a limited custodian deposition so Plaintiffs' retained expert can trace up to fifty selected histories across preserved and available 2026 versions. Require a named compliance official and reports every three business days. Approve a bounded Phase Two validation design on sworn feasibility evidence, with a staged alternative if the full sample cannot be completed before the relevant certification. Ex. P; Proposed Orders 11–12; protocol § 5.

4. Limited certification relief and meaningful adjudication Plaintiffs ask the Court to grant or refuse a short, specified certification restraint at the noticed hearing. The concern is that officials control evidence needed to test the pleaded violations while continued nonproduction consumes the practical opportunity for redress. Consider the preserved baseline, May 2026 comparison, personal disputed histories, and current access denial together. Determine the affected Plaintiff and race, likely federal violation, imminent certification act, responsible official, endpoint, and why access or other alternatives are insufficient. Resolve access and expedited

examination even if the restraint is refused; no indefinite statewide condition of complete reconciliation is requested. Plaintiffs expressly invoke the due-process and access-to-courts grounds in complaint ¶¶35A–35B and memorandum §IX. They ask whether delayed statutory access can be treated as adequate when that delay defeats the identified time-sensitive use and whether certification forecloses an already asserted examination claim. Resolve the statutory issues first where adequate; if constitutional grounds are reached or rejected, state the reason. Under Rule 52(a)(2), provide findings and conclusions supporting each interlocutory injunction disposition.

5. Notice and security This is a noticed application. Plaintiffs request no ex parte order. They ask that Rule 65(c) security be fixed at $100, subject to a concrete showing of compensable risk. Actual notice and separate Rule 4 service must be established by a separate certificate completed after performance.

6. Pro se status and submitting plaintiff All seven individual Plaintiffs proceed solely on their own behalf. Gregory Stenstrom submits the jointly signed application. U4F is not a current plaintiff. Historical organizational references in the exhibits remain evidence of the original requests and events, not an appearance by the organization. Plaintiffs intend to seek addition of U4F through licensed counsel by proper amendment and joinder when counsel appears.

## PRO SE SIGNATURES AND CONTACT INFORMATION

EMERGENCY MOTION FOR RELIEF BEFORE CERTIFICATION

Each individual signs only for himself or herself. Gregory Stenstrom submits the documents as a co-plaintiff and does not appear as counsel for any other person or organization.

**s/Harry R. Haury**

Harry R. Haury, Pro Se

c/o Unite 4 Freedom, Inc., 167 Lamp & Lantern Village, Suite 194, Chesterfield, MO 63017

Telephone: 314-498-2569

Email: harryhaury@protonmail.com

**s/Laura Hois**

Laura Hois, Pro Se

4405 Oakwood Ave., Downers Grove, IL 60515

**s/Robert R. Stevens**

Robert R. Stevens, Pro Se

700 S. Monterey, Villa Park, IL 60181

**s/Jimmy Lee Tillman II**

Jimmy Lee Tillman II, Pro Se

7732 S. Calumet, Chicago, IL 60619

**s/Jodie Zitko**

Jodie Zitko, Pro Se

3N778 Walt Whitman Rd., St. Charles, IL 60175

Email: jodie.zitko@usa4freedom.org

**s/Mary Catherine Paukstys**

Mary Catherine Paukstys, Pro Se

5244 S. Newcastle Avenue, Chicago, IL 60638

**s/Gregory Stenstrom**

Gregory Stenstrom, Pro Se

1541 Farmers Lane, Glen Mills, PA 19342

Telephone: 856-264-5495

Email: gregorystenstrom@gmail.com