E-FILED
Tuesday, 17 November, 2026 04:16:33 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

HARRY R. HAURY; LAURA HOIS; ROBERT R. “RUSTY” STEVENS; JIMMY LEE TILLMAN II; JODIE ZITKO; MARY CATHERINE PAUKSTYS; and GREGORY STENSTROM,

Plaintiffs,

v.

BERNADETTE MATTHEWS and JOHN OLDFIELD, each in his or her official capacity,

Defendants.

Case No. 26-cv-3397

## PROPOSED PRESERVATION ORDER AND EXPEDITED HEARING

After notice and consideration of the complaint and executed declarations and supporting declarations, the Court finds for temporary purposes that the identified covered-record inspection claim has a sufficient likelihood of success; preserving the existing responsive evidence is necessary to protect useful adjudication; and the tailored restraint below favors the balance of harms and public interest. Mandatory inspection and further examination will be determined at the noticed hearing.

**It is ordered**

1. Defendants and persons bound under Rule 65(d)(2) with actual notice shall preserve existing records within Defendants' possession, custody, or control concerning the noticed registration and participation conditions: IVRS field definitions and mappings; source and client transmissions; change histories with available prior/new values, dates, and user/process identifiers; activity and audit logs; automatic-processing details; snapshots; matching work items; cancellations; confirmation notices, responses, and dispositions; and existing synchronization and participation-reconciliation records.

2. Suspend deletion, overwriting, rotation, or expiration as needed to preserve those records. Preservation may use ordinary copies, exports, snapshots, and litigation holds. Lawful registration activity, live systems, and canvassing may continue.

3. Within two business days, file a knowledgeable custodian's declaration identifying responsible offices and systems, preservation measures, known gaps, and known scheduled certification proceedings and responsible bodies, with the source of that information. State expressly if a date is unknown.

4. Defendants shall respond by ____________________ at __________. The Court will hear the requests for inspection, accounting, and focused examination on ____________________ at __________ by ____________________. The Clerk shall provide prompt notice.

5. At the hearing, identify available priority records, searches performed, specific withholding grounds, exclusively external custodians, and

concrete retrieval burdens or alternatives. The Court reserves mandatory production and additional examination until that hearing.

6. Security is $100, subject to a particularized showing. The preservation restraint expires at __________ on ____________________, no later than fourteen days after entry unless lawfully extended or replaced. Scheduling remains subject to further order.

7. Plaintiffs shall promptly provide actual notice and file proof. This order binds only persons within Rule 65(d)(2). The Court retains authority to enforce its terms and decide further supported relief before certification.

Entered: ____________________, 2026, at __________

________________________________

UNITED STATES DISTRICT JUDGE