E-FILED
Tuesday, 17 November, 2026 04:16:33 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

HARRY R. HAURY; LAURA HOIS; ROBERT R. “RUSTY” STEVENS; JIMMY LEE TILLMAN II; JODIE ZITKO; MARY CATHERINE PAUKSTYS; and GREGORY STENSTROM,

Plaintiffs,

v.

BERNADETTE MATTHEWS and JOHN OLDFIELD, each in his or her official capacity,

Defendants.

Case No. 26-cv-3397

# PROPOSED INSPECTION INJUNCTION AND EXAMINATION SCHEDULE

After notice and hearing, the Court finds likely success on the covered-record inspection claim, a concrete loss of useful access during the ongoing canvass absent timely relief, no adequate damages remedy for that loss, and that the balance of harms and public interest favor the tailored obligations below.

**It is ordered**

1. Defendants and persons bound under Rule 65(d)(2) with actual notice shall preserve existing responsive IVRS definitions and mappings; source/client transmissions; available prior/new values, dates, and process/user identifiers; change, activity, and audit histories; snapshots; automatic-processing details; matching work items; notices, responses, cancellations, and dispositions; and existing synchronization and participation-reconciliation records within Defendants' possession, custody, or control. Suspend routine loss as necessary while permitting lawful operations.

2. Within three business days, begin rolling electronic production or supervised inspection of covered records in these priority categories: definitions and mappings; selected source/change histories; corresponding work items and dispositions; applicable confirmation notices and responses; and existing synchronization and participation-reconciliation records. State lawful redaction or withholding grounds and produce segregable material.

3. Within five business days, file a custodian declaration identifying, for each ordered category, the systems and custodians searched, searches performed, records produced or made inspectable, specific withholding basis, known gaps and disposition dates, external custodians, and the completion date. Name one official responsible for coordinating compliance. File status reports every three business days until production is complete or further order. Report an obstacle promptly with a proposed narrower means of compliance; the undisputed production schedule remains effective unless modified by the Court.

4. Under Rule 26(d)(1), subject to approval of qualifications, conflicts, lawful access, security, and cost, permit Plaintiffs' retained independent expert to trace up to fifty selected histories across jurisdictions. Include affected Plaintiffs and changed/address-related records; trace baseline through available 2026 versions and current registration or participation. Report source, prior/new values, notices, disposition, and gaps. No judicial decision-making authority is delegated. Targeted results are not statewide statistical estimates.

5. Under Rule 26(d)(1), authorize requests for existing records within paragraphs 2–4, responses within five business days, and one remote Rule 30(b)(6) deposition up to three hours about systems, searches, mappings, source histories, and dispositions on three business days' notice. Raise concrete objections promptly; undisputed duties continue.

6. Within three business days of usable access, submit the final proposed Phase Two frame, randomization, precision/confidence assumptions, missing-data treatment, cost, and feasible reporting date. The Court will promptly decide statewide sampling on that sworn showing and any response. File initial traced-record findings within seven business days, or sooner as needed for the relevant certification. Seek an immediate conference if certification is earlier or access prevents completion.

7. The return hearing is ____________________ at __________. Hear the request for Phase Two statewide examination and any supported limited certification restraint at the first noticed opportunity. Any restraint must be separately entered with specific findings, proper parties, affected offices/acts, and a fixed endpoint. This inspection order does not itself restrain certification, exclude ballots, or remove voters.

8. Use secure identifier exchange and public redactions under Rule 5.2 and Local Rule 5.11. Preserve ballot secrecy. Security is $100, subject to adjustment on a particularized showing. The injunction continues until further order; the Court retains jurisdiction to enforce its specific terms.

Entered: ____________________, 2026 ________________________________

UNITED STATES DISTRICT JUDGE